## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TACOREY KILLEBREW, #R74052,                )
                                           )
    **Plaintiff,**                          )
                                           )
vs.                                        )      **Case No. 25-cv-01400-SMY**
                                           )
WARDEN JOHN M. BARWICK,                     )
LIEUTENANT RANSOM,                          )
LIEUTENANT MERICAL,                         )
SERGEANT DILLINIER,                         )
OFFICER BRAMMEIER, and                      )
OFFICERS JOHN/JANE DOES,                    )
                                           )
    **Defendants.**                         )

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

This matter is before the Court for preliminary review of Plaintiff Tacorey Killebrew's Amended Complaint (Doc. 18). Plaintiff is an inmate of the Illinois Department of Corrections (IDOC) and brings this action under 42 U.S.C. § 1983 for constitutional deprivations stemming from the conditions of his confinement at Pinckneyville Correctional Center. The Amended Complaint is before the Court for screening under 28 U.S.C. § 1915A, which requires dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. *Id*.

### Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 18, pp. 4-12): Plaintiff was subjected to unconstitutional living conditions in segregation cell 5A-23 beginning on September 19, 2024. *Id*. at 5-7. He was denied a bed for one day and a bedroll (*i.e.*, sheets, pillowcase, and blanket) for one week. He was given no underwear, boxers, socks, or t-shirts,

1

while he was also denied access to his personal property box for a week. *Id*. at 7. His cell was infested with bugs, roaches, insects, and spiders, and feces covered the food slot door. *Id*. at 5. When Plaintiff notified Officer Brammeier about these conditions, the officer indicated that he would inform Sergeant Dillinier and Lieutenant Ransom. *Id*.

Plaintiff had no electricity in his cell for two months. *Id*. at 5-6. He had no working lights, and the light fixture was destroyed to the point that changing the bulb would cause injury. Loose wires dangled from the walls and sockets. In addition, the ventilation was not working, due to an accumulation of mold, dirt, dust, rust, and decay. When Plaintiff showed Officer Brammeier these issues, the officer stated that Sergeant Dillinier and Lieutenant Ransom were already aware of them. *Id*.

From September 19, 2024 to November 19, 2024, Plaintiff made verbal and written complaints about the unsanitary and unsafe cell to Officer Brammeier, Sergeant Dillinier, and Lieutenant Ransom. *Id*. at 6-7. He also wrote to Lieutenant Merical and Warden Barwick. They all turned a blind eye to the conditions. *Id*.

Sergeant Dillinier and Lieutenant Ransom retaliated against Plaintiff when he complained about his living conditions. *Id*. at 7-8. They denied segregation and grade reductions, a request for a cell transfer submitted by his mental health crisis team, and access to crisis counseling. Even when Officer Brock relayed a message that Plaintiff's son was in a hurricane, Plaintiff was not allowed to speak with a crisis counselor. Warden Barwick, Sergeant Dillinier, and Lieutenant Ransom delayed Plaintiff's religious diet for three months and then served him trays of uncooked, frozen, or spoiled food. *Id*. at 8. Warden Barwick and internal affairs also began interfering with his mail until he stopped receiving it from his family. *Id*. Plaintiff was issued unfair disciplinary tickets from Sergeant Dillinier on October 27, 2024 and from Officer Asher on December 29,

2

2024, after other inmates refused to live with him. *Id*. at 8-9, 11. Eventually, Counselor Tyler refused to give him grievances forms to prevent him from complaining. *Id*. at 9.

Defendants knew that their conduct was outrageous and would result in severe emotional distress. *Id*. at 12.

Based on Plaintiff's allegations, the Court designates the following claims in the *pro se* Amended Complaint:

**Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement in segregation cell 5A-23 at Pinckneyville from September 19, 2024 through November 19, 2024.

**Count 2:** First Amendment retaliation claim against Defendants for responding to Plaintiff's grievances about his living conditions by denying segregation/grade reductions, denying access to crisis counseling, delaying or denying his religious diet, interfering with his mail, and/or issuing him unfair disciplinary tickets.

**Count 3:** Illinois state law claim against Defendants for intentional infliction of emotional distress.

**Any other claim mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Preliminary Dismissals

Plaintiff names Officers John/Jane Does as defendants but makes no allegations against them. These defendants cannot be said to have notice of which claims, if any, are directed against them. FED. R. CIV. P. 8(a)(2); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Additionally, because § 1983 liability hinges on personal involvement in a constitutional deprivation, Plaintiff must describe what acts or omissions of each individual defendant caused a deprivation of his rights. Because Plaintiff does not describe these officer's misconduct, Officers John/Jane Does will be dismissed from this action without prejudice.

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants: Officer Brock, Officer Asher, Counselor Tyler, and Internal Affairs. The Court will not treat these individuals as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"). Therefore, all claims against them are considered dismissed without prejudice.

### Discussion

### Count 1

To state an Eighth Amendment claim based on poor living conditions, a prisoner must sufficiently allege: (1) his living conditions were objectively, sufficiently serious to deprive the inmate of the minimal civilized measure of life's necessities; and (2) prison officials acted with deliberate indifference to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). "Extreme deprivations" are required to articulate a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Here, Plaintiff describes the deprivation of a bed (1 day), bedding (1 week), clothing (1 week), personal property (same week), electricity (2 months), and lighting (2 months). He also describes a food slot covered in feces, poor ventilation, loose wiring, mold, dust, rust, and pests. These alleged deprivations are sufficiently serious to support an Eighth Amendment claim. *See, e.g.*, *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2008).

Deliberate indifference occurs when a prison official knows of a substantial risk of impending harm and fails to take reasonable steps to prevent harm from occurring. *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021). Plaintiff alleges he repeatedly notified Officer Brammeier, Sergeant Dillinier, and Lieutenant Ransom about his unconstitutional living conditions in segregation cell 5A-23, but these defendants took no steps to address the conditions.

4

This is sufficient to state a viable Eighth Amendment claim against these defendants.  However, This claim does not survive screening against any other defendants.

Plaintiff alleges he made verbal and written complaints about his living conditions to Lieutenant Merical and Warden Barwick, and they turned a blind eye.  Requests for relief that "fall on deaf ears" may amount to deliberate indifference.  *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997).  However, Plaintiff does not describe the complaints he made to these defendants, when he made them, how often he did so, or whether they acknowledged receiving the complaints.  As such, the allegations are too vague to support a claim of deliberate indifference against Lieutenant Merical and Warden Barwick.

### Count 2

To state a First Amendment retaliation claim, a plaintiff must plead facts suggesting that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter the protected speech; and (3) his protected speech was a motivating factor in each defendant's actions.  *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012).  An inmate has a First Amendment right to file grievances and lawsuits.  *Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010). "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000).

Plaintiff claims his grievances prompted retaliation by the defendants, but relies on conclusory allegations to articulate this claim.  He states the defendants retaliated against him for filing grievances about segregation cell 5A-23 and sets forth a long list of complaints he accumulated about prison life.  Some of these complaints involve defendants, and others do not. Regardless, the allegations are too vague to articulate a retaliation claim; it is unclear when these adverse actions occurred or whether they had any connection to grievances about his living

conditions in cell 5A-23. Therefore, Count 2 will be dismissed without prejudice for failure to state a claim against the defendants.

**Count 3**

Plaintiff relies on conclusory and allegations for his claim for intentional infliction of emotional distress. He asserts only that Defendants knew their conduct was outrageous and would result in severe emotional distress. (Doc. 1, p. 12). Because these allegations are insufficient to satisfy the pleading standards described in Federal Rule of Civil Procedure 8 and *Twombly*, Count 3 will be dismissed without prejudice for failure to state a claim against defendants.

**Disposition**

The Amended Complaint (Doc. 18) survives § 1915A screening, as follows: **COUNT 1** will proceed against **OFFICER BRAMMEIER, SERGEANT DILLINIER,** and **LIEUTENANT RANSOM,** in their individual capacities. **COUNT 1** is **DISMISSED** without prejudice against all other defendants, and **COUNTS 2** and **3** are **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim upon which relief may be granted.

Defendants **WARDEN JOHN M. BARWICK, LIEUTENANT MERICAL,** and **OFFICERS JOHN/JANE DOES** are **DISMISSED without prejudice** from this action.

The Clerk shall prepare for Defendants **OFFICER BRAMMEIER, SERGEANT DILLINIER,** and **LIEUTENANT RANSOM:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 18), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2(b), Defendants should only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE WARDEN JOHN M. BARWICK, LIEUTENANT MERICAL, and OFFICERS JOHN/JANE DOES as defendants in CM/ECF.**

**IT IS SO ORDERED.**

7

DATED:    May 4, 2026                    *s/ Staci M. Yandle*
                                         **STACI M. YANDLE**
                                         **Chief U.S. District Judge**


### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter an appearance and file Answers to your Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.